UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20236
_____


ROBERT GANDY,

                                        Petitioner-Appellant,

                        versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-4294)
_____

February 4, 1998

Before KING and JONES, Circuit Judges, and WERLEIN[*], District
Judge.

EDITH H. JONES, Circuit Judge:[**]

        Appellant Robert Gandy was convicted in 1990 by a Texas

jury of aggravated robbery and was assessed a punishment of life

imprisonment and a fine.  Having exhausted state remedies, he

_____

[*]District Judge of the Southern District of Texas, sitting by
designation.


[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged in a federal habeas petition that (1) the evidence was insufficient to support his conviction; (2) the prosecution used the perjured testimony of a co-defendant, Richard; (3) his constitutional right to a speedy trial was denied; (4) the prosecution withheld exculpatory evidence in violation of <u>Brady v. Marilyn</u>, 373 U.S. 83 (1963); and (5) the prosecution failed to prove that he used a deadly weapon. The district court found no merit in any of these claims.

Upon reviewing appropriate portions of the record, together with the district court's opinion and the parties' briefs on appeal, we find no reversible error of law or fact in the rejection of Gandy's speedy trial contentions. An examination of the State Court records and the four factors used to determine whether the State violated Gandy's right to a speedy trial shows that (1) Gandy was either responsible for or consented to the delays in the case; (2) Gandy's assertions of his right to a speedy trial were inconsistent with his pretrial activities and the Agreed Resettings he signed; and (3) Gandy failed to adduce evidence or provide factual allegations which supported his claim that his trial was prejudiced by the delay. <u>Barker v. Wingo</u>, 407 U.S. 514, 92 S. Ct. 2182 (1972).

Notwithstanding this court's earlier grant of a certificate of appealability limited to the speedy trial issue, we have considered all of the issues he raised on appeal, in light of

the non-retroactivity of the Anti-Terrorism and Effective Death Penalty Act.  See Lindh v. Murphy, ____ S. Ct. _____ (1997).

The judgment of the district court is **AFFIRMED**.